UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                        ) Bankruptcy No. 04 B 47322
                                              ) Chapter 7
SCOTT and JULIA HELLEN,                       ) Judge John H. Squires
                                              )
          Debtors.                            )

## MEMORANDUM OPINION

This matter comes before the Court on the objection of David E. Grochocinski, the Chapter 7 trustee (the "Trustee") for the estate of Scott and Julia Hellen (collectively the "Debtors") to the Debtors' claims of exemption. It presents an issue of first impression about the propriety of claims of exemption in a van and a bicycle that were adapted to meet Scott Hellen's special needs, purportedly under 735 ILCS 5/12-1001(e).

For the reasons set forth herein, the Court holds that the van and bicycle are not wholly exempt and, thus, sustains, in part, the Trustee's objection to the claims of exemption. Specifically, the Court holds that only those adaptations made to the van and bicycle to meet Scott Hellen's special needs are exempt as "professionally prescribed health aids" pursuant to 735 ILCS 5/12-1001(e). The Court finds that the special modifications made to the van total $17,846.00, and thus that portion of the van is properly claimed exempt as a professionally prescribed health aid. With respect to the bicycle, however, based on the limited record, the Court cannot make a finding as to the value of the exempt portion thereof because no evidence was introduced to show the cost of the special adaptations made to the bicycle. Therefore, the Court reserves ruling on the issue of the value or amount of the exempt portion of the bicycle.

-2-

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## II. FACTS AND BACKGROUND

On December 27, 2004, the Debtors filed a voluntary Chapter 7 bankruptcy petition. Among the assets listed as personal property on Schedule B were a 2002 Ford E250 full-size conversion van valued at $30,000.00 and a bicycle valued at $1,000.00. Objection to Claim of Exemption. The Debtors claimed both items entirely exempt on Schedule C as "professionally prescribed health aids" under 735 ILCS 5/12-1001(e). *Id.* Scott Hellen ("Scott") is a paraplegic and confined to a wheelchair due to a condition known as Multiple Endocrine Disorder. Response to Objection. The Trustee filed an objection to the claimed exemptions. He contends that neither the van nor the bicycle is eligible for the exemption because they were not "professionally prescribed," nor are they "health aids."

In support of the claimed exemptions, Scott provided a Driver Readiness Evaluation (the "Evaluation") dated January 23, 2002. Response to Objection, Ex. B. The Evaluation included the name of a referring physician but was signed by an occupational therapist. *Id.* The Evaluation made certain recommendations with respect to Scott's driving abilities, as well as specialized adaptive equipment. *Id.* Scott also provided a March 24, 2005 physician's letter recommending that he exercise regularly. Response to Objection, Ex. C. The letter stated that Scott was tested,

-3-

fitted for, and had purchased a custom-made bicycle that afforded him the type of exercise recommended by the physician. *Id.*

Additionally, Scott supplied an affidavit wherein he avers that he is disabled and confined to a wheelchair. Response to Objection, Ex. A, ¶ 2. He states that the van was modified especially for his use in light of his condition. *Id.* at ¶ 4. Specifically, Scott asserts that the van was customized with an accelerator, brake, and access modifications that allow him to drive the vehicle. *Id.* at ¶ 3. He contends that such special modifications preclude the safe driving of the vehicle by other differently disabled drivers. *Id.* at ¶ 4. The van, according to Scott, is his sole means of transportation for medical and rehabilitation appointments, as well as for his day-to-day transportation needs, including transportation to work, when he can find employment. *Id.* at ¶ 5; Supplemental Response to Objection, Ex. C, ¶¶ 5 and 6. Scott states that he has approximately eight doctors' appointments and twelve sessions of rehabilitation therapy each month. Supplemental Response to Objection, Ex. C, ¶ 5. He avers that the modifications made to the van were prescribed by his doctor pursuant to the Evaluation and that the special equipment was installed according to the guidelines of the National Mobility Equipment Dealer's Association ("NMEDA"). Response to Objection, Ex. A, ¶ 6. With respect to the bicycle, Scott asserts that it was prescribed by a physician, was custom designed for him, is necessary for his rehabilitation exercise, and is not usable by any other person. *Id.* at ¶ 7.

Further, Scott supplied an affidavit from Charles Baumgartner ("Baumgartner"), the chief executive officer of Midwest Mobility, Inc. ("Midwest"), a company in the business of providing mobility equipment to disabled people and modifying vehicles for their use pursuant to the guidelines of the NMEDA. Response to Objection, Ex. D, ¶¶ 1 and 2. Baumgartner avers that

-4-

Midwest customized the van for Scott in 2002 pursuant to the Evaluation. *Id.* at ¶ 4. Baumgartner further avers that the modifications to the van were unique to Scott's particular disabilities. *Id.* at ¶ 5. He concludes that the van cannot be safely used by other disabled individuals unless they have an evaluation similar to Scott's Evaluation. *Id.*

Scott also provided an affidavit from Anne Hegberg ("Hegberg"), a certified driver rehabilitation specialist for Marianjoy Rehabilitation Hospital. Supplemental Response to Objection, Ex. A, ¶ 1. According to Hegberg, a physician must draft a prescription in order for his patient to obtain a driver evaluation. *Id.* at ¶ 4. Hegberg avers that without a physician's prescription, a driver evaluation will not be performed. *Id.* This same procedure, according to Hegberg, is utilized to evaluate a patient's need for a wheelchair. *Id.* at ¶ 5.

Finally, Scott submitted a used vehicle appraisal for the van from Midwest dated September 29, 2004.[1] Supplemental Response to Objection, Ex. D. Pursuant to that appraisal, the special modifications made to the van total $17,846.00. *Id.* The Trustee did not proffer any evidence to rebut the appraisal. No evidence was put forth by either party regarding the value of the special equipment installed on the bicycle.

---

[1] The Trustee objects to this document on the bases of hearsay and lack of foundation. Unfortunately for the Trustee, both parties waived their right to an evidentiary hearing. Rather, they chose to have the Court determine the matter based upon the filed papers. If the Trustee wanted to cross examine affidavits or test the evidence put forth by the Debtors, he should have done so at the last hearing, instead of waiving that opportunity. Moreover, according to the Debtors, the appraisal was available to the Trustee well in advance of this matter, even as early as at the 11 U.S.C. § 341 meeting of creditors. The Court overrules the Trustee's evidentiary objections to this document at this stage of the proceedings.

## III. DISCUSSION

Under the Bankruptcy Code, debtors may choose between the exemptions provided by federal law and those provided by state law, 11 U.S.C. § 522(b); *In re McGee*, 353 F.3d 537, 540 (7th Cir. 2003); *In re Kontrick*, 295 F.3d 724, 733 n.4 (7th Cir. 2002), *aff'd*, 540 U.S. 443 (2004), unless a state chooses to opt out of the federal exemption scheme, 11 U.S.C. § 522(b)(1). Illinois took advantage of this provision and opted out. 735 ILCS 5/12-1201; *see also In re Polis*, 217 F.3d 899, 901 (7th Cir. 2000); *In re Barker*, 768 F.2d 191, 194 n.4 (7th Cir. 1985). Accordingly, Illinois debtors must utilize the exemptions provided by Illinois law. *In re Ball*, 201 B.R. 204, 206 n.4 (Bankr. N.D. Ill. 1996).

At issue before the Court is the interpretation and application of the Illinois statute 735 ILCS 5/12-1001(e), which provides as follows:

> Personal property exempt. The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:
>
> . . .
>
> (e) Professionally prescribed health aids for the debtor or a dependent of the debtor[.]

735 ILCS 5/12-1001(e).

Exemption statutes are to be interpreted liberally in favor of the debtor. *Barker*, 768 F.2d at 196; *In re McKinney*, 317 B.R. 344, 345 (Bankr. C.D. Ill. 2004). If it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen. *Barker*, 786 F.2d at 196; *In re Dealey*, 204 B.R. 17, 18 (Bankr. C.D. Ill. 1997). The purpose of the exemption provision is to protect a debtor's fresh start in bankruptcy. *In re Wright*, 156 B.R. 549, 554 (Bankr. N.D. Ill. 1992).

-6-

Federal Rule of Bankruptcy Procedure 4003 governs hearings on disputed claims of exemption and objections thereto. Section 522(l) of the Bankruptcy Code and Bankruptcy Rule 4003(a) require debtors to "list" the property claimed as exempt on the schedule of assets. "Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(l); *see also Taylor v. Freeland & Kronz*, 503 U.S. 638, 642 (1992). Bankruptcy Rule 4003(b) establishes that a party in interest may file an objection to the list of property claimed exempt within 30 days after the conclusion of the meeting of creditors. In the matter at bar, neither party disputes that the Trustee timely lodged his objection to the Debtors' claims of exemption. As the objecting party, the Trustee has the burden of proving by a preponderance of the evidence that the Debtors' exemptions are not properly claimed. *See* Fed. R. Bankr. P. 4003(c); *In re Doyle*, 209 B.R. 897, 900 (Bankr. N.D. Ill. 1997); *In re Ritter*, 190 B.R. 323, 325 (Bankr. N.D. Ill. 1995).

**A. "Professionally Prescribed Health Aids"**

The matter before the Court is a question of first impression. There does not appear to be a direct controlling precedent from the Illinois Supreme Court or the Seventh Circuit Court of Appeals construing or applying § 5/12-1001(e). The cases cited by the parties are not exactly on point factually and are not binding on this Court. The parties argue for an all-or-nothing approach: Scott contends that both the van and the bicycle should be found completely exempt; the Trustee counters that because neither vehicle was prescribed by a physician, nor were they principally designed for Scott's treatment or solely used therefor, neither should be found exempt.

The question–whether the specially adapted van and bicycle constitute "professionally prescribed health aids" under § 5/12-1001(e)–requires the Court to interpret Illinois law. Because

-7-

the Illinois Supreme Court has not addressed this specific issue, the Court must determine the issue as it predicts the Illinois Supreme Court would if it were deciding the matter. *Adams v. Catrambone*, 359 F.3d 858, 862 (7th Cir. 2004). The Supreme Court of Illinois has made it clear that "[t]he primary rule of statutory construction is to ascertain and give effect to the intent of the legislature." *People v. Donoho*, 788 N.E.2d 707, 715 (Ill. 2003). The best evidence of legislative intent is the statutory language. *Id.* When possible, courts should interpret statutes according to the plain and ordinary meaning of the language. *Id.* "If the statutory language is clear and unambiguous, then there is no need to resort to other aids of construction." *In re D.L.*, 727 N.E.2d 990, 994 (Ill. 2000).

With these principles in mind, the Court now turns to the statutory provision at issue. The language of § 5/12-1001(e) provides an exemption for "professionally prescribed health aids." The Trustee asserts that neither the van nor the bicycle was "professionally prescribed." He contends that the Evaluation was signed by an occupational therapist and was an assessment of Scott's driving abilities, not a prescription for the van. Further, the Trustee maintains, the physician's letter concerning the bicycle "merely recommended" that Scott exercise on a regular basis and did not direct, designate, or order the use of the bicycle, which apparently had been purchased by Scott before the letter was written. Thus, according to the Trustee, the prescription was made after the bicycle was purchased.

The statute does not define "professionally prescribed," nor does it suggest that the phrase should be understood in a particular or narrow sense. Accordingly, the Court looks to the ordinary, common, and contemporary meaning of the words. *Webster's Dictionary* defines "professional" to mean "one that engages in a particular pursuit, study, or science for gain or

                             Document      Page 8 of 16

-9-

to the van, Hegberg avers that in order for a disabled person like Scott to obtain the adaptations to the vehicle to meet his special needs, a prescription from a physician is required. Supplemental Response to Objection, Ex. A, ¶ 4. Further, the letter from Scott's physician recommended that Scott exercise regularly and stated that Scott was tested, fitted for, and had purchased a custom-made bicycle that enabled him to exercise per the physician's recommendation. Response to Objection, Ex. C. Although the Court agrees that the van and bicycle were not professionally prescribed, the special equipment added to the vehicles to allow Scott to use them was in fact prescribed by professionals.

The Trustee has not submitted any evidence to rebut the statements made either in Hegberg's affidavit or in the physician's letter. Rather, the Trustee concludes that because the bicycle was purchased prior to the physician's letter being written and neither the bicycle nor the van is principally designed, functions, or is solely used as a health aid, these vehicles should not be found entirely exempt. The Court rejects the Trustee's argument that the language of the statute requires a physician's prescription written prior to purchase of the item or that the principal design, function, or sole use of the item as a health aid is necessary in order for the exemption to attach. The Illinois legislature could have drafted the statute to provide as the Trustee argues, but it did not expressly condition the exemption. The Court declines to adopt the Trustee's position in the absence of any clear legislative direction. After all, many healthcare professionals can prescribe various remedies for numerous conditions of ill being: dentists prescribe fillings, dentures, implants, and crowns; physical therapists suggest such devices as canes, crutches, and wheelchairs. As the Illinois legislature has not seen fit to limit the exemption here, temporally, by healthcare provider, or otherwise, the Court will not either.

-10-

Next, the Court must address whether the van and bicycle constitute "health aids." The Trustee argues that neither item is properly considered a health aid under the statute. Once again, the statute fails to provide a definition. Therefore, the Court must resort to the common and ordinary meaning of the words. *Webster's* defines "health" to mean "the condition of an organism or one of its parts in which it performs its vital functions normally or properly . . . the state of being sound in body or mind." WEBSTER'S DICTIONARY 1043; *see also* OXFORD ENGLISH DICTIONARY 53 ("Soundness of body; that condition in which its functions are duly and efficiently discharged."); AMERICAN HERITAGE DICTIONARY 808 ("Soundness, especially of body or mind; freedom from disease or abnormality."). "Aid" means "the act of helping or the help given." WEBSTER'S DICTIONARY 44; *see also* OXFORD ENGLISH DICTIONARY 273 ("To give help, support, or assistance to. . . ."); AMERICAN HERITAGE DICTIONARY 36 ("A device that assists.").

In defining "health aids," at least one court has utilized the definition for "medical care" contained in the Internal Revenue Code, 26 U.S.C. § 213(d)(1).[2] *Driscoll*, 179 B.R. at 666. In the absence of any authority construing the term "health aids" and given the similar purposes served by the exemption of health aids and the deductibility of medical expenses, *see id.*, the

---

[2] Section 213 of the Internal Revenue Code provides for the deduction of certain expenses paid during the taxable year for, *inter alia*, medical care of the taxpayer. This section defines in relevant part the term "medical care" to mean amounts paid:

> (A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body,
> (B) for transportation primarily for and essential to medical care referred to in subparagraph (A),
> (C) for qualified long-term care services (as defined in section 7702B(c)). . . .

26 U.S.C. § 213(d)(1)(A)-(C).

-11-

Court will consider the definition contained in the Internal Revenue Code, along with the plain and ordinary meaning of the words, to assist in the determination of whether the van and bicycle are health aids for purposes of the Illinois exemption statute.

The Court finds that the plain and ordinary meaning of the term "health aids," along with the Internal Revenue Code's definition of "medical care," supports the conclusion that the van and bicycle constitute "health aids" under § 5/12-1001(e). The unrebutted evidence shows that the van is used primarily for Scott's transportation, including but not limited to his medical appointments and rehabilitation therapy sessions. In addition, both the reconfigured van and bicycle are principally utilized for the mitigation of Scott's disability, as well as for the treatment of that disability. That is, the van affords Scott the mobility to attend his medical appointments and physical therapy sessions, and the bicycle enables him to perform the needed exercise for his particular disability. In short, the Court holds that the special modifications and adaptations installed on the van and bicycle in order to accommodate Scott's special needs are "health aids."

The Court distinguishes the cases cited by the Trustee in support of his position that the bicycle and van are not properly characterized as professionally prescribed health aids. None of those cases is binding on this Court. First, in *In re Driscoll*, 179 B.R. 664 (Bankr. D. Ore. 1995), the court held that a Lexus automobile was not exempt as a "professionally prescribed health aid" under an Oregon statute similar to the Illinois statute. *Id.* at 665-66. The vehicle in the *Driscoll* case, however, was not specially modified for that disabled debtor. *Id.* at 665. Rather, by its design, the vehicle had enough room near the pedals to allow the debtor, who had a foot prosthesis, to drive the vehicle. *Id.* The court held that a Lexus automobile, in its unmodified state, was not uniquely suited and principally used for the diagnosis, cure, mitigation, treatment,

-12-

or prevention of disease or for the purpose of affecting any structure or function of the body. *Id.* at 666. The court further distinguished the automobile from a wheelchair or prosthesis, stating that the latter two items are designed to allow an injured person to approximate normal body function or to compensate for the effect that the injury had on normal body functions. *Id.*

In *In re Kirby*, 223 B.R. 825 (Bankr. M.D. Fla. 1998), the court held that a specially designed motor home prescribed by a physician to accommodate the debtor's physical impairment did not qualify as a health aid under Florida law because it was not uniquely suited and principally used for the diagnosis, cure, mitigation, treatment, or prevention of disease or for the purpose of affecting a structure or function of the body. *Id.* at 829-30. The *Kirby* case is distinct from the situation at hand. Here, the evidence submitted establishes that the van is indeed uniquely suited to Scott's disabilities and is not capable of safe use by other individuals unless they have the same physical limitations.

Finally, in *In re Murphy*, No. 98-36084, 2000 WL 49297 (Bankr. E.D. Pa. Jan. 19, 2000), the court held that a structured settlement annuity was not exempt, even though it was based on medical bills and future expenses, because the annuity was not "professionally prescribed" nor was it considered a "health aid." *Id.* at *2. Because the case does not deal with special modifications to a vehicle or bicycle, it is readily distinguishable from the instant matter and lends no support to the Trustee's position.

A broad and liberal construction of § 5/12-1001(e) in favor of the Debtors mandates the finding that the special adaptations made to the van and bicycle are properly claimed exempt as professionally prescribed health aids. As the Seventh Circuit has aptly noted, "[t]his clear legislative intent to grant protections to debtors and the courts' liberal construction of exemption

Case 04-47322   Doc 35   Filed 08/30/05   Entered 08/30/05 12:54:55   Desc Main
Document      Page 13 of 16

-13-

statutes convince us that in a case . . . where an exemption statute might be interpreted either favorably or unfavorably vis-`a-vis a debtor, we should interpret the statute in a manner that favors the debtor." *Barker*, 768 F.2d at 196. Pursuant to that directive, the Court holds that the modifications made to both the van and bicycle are exempt under the statute as "professionally prescribed health aids." However, the Court rejects Scott's conclusion that the adaptations made to the vehicles somehow render them totally exempt.

### B. Extent of Exemptions

Having found that the modifications made to the van and bicycle at issue are accurately characterized as "professionally prescribed health aids" under § 5/12-1001(e), the Court now turns to the extent of the exemptions that can be properly claimed in this matter. Adaptations or modifications made to property do not render that property exempt in its entirety. The addition of a ramp or elevator to a home, for example, does not make the entire home exempt. Rather, only $7,500.00 of a debtor's equity in his homestead is properly claimed exempt under current law. 735 ILCS 5/12-901.

Similarly, exemptions in motor vehicles in Illinois are not an all-or-nothing proposition. Section 5/12-1001(c) gives debtors an exempt interest in any one motor vehicle, not to exceed $1,200.00 in value. 735 ILCS 5/12-1001(c). At today's prices for new and used motor vehicles, it is the rare car, van, or truck that is worth only $1,200.00. Thus, the legislature has made the policy decision to exempt equity up to only that value in motor vehicles, which, for many, is only a part of the total value.

Finally, if the Illinois General Assembly had wished § 5/12-1001(e) to provide for the exemption of professionally prescribed health aids in their entirety, then it could very easily have

drafted such a provision with clear and explicit language. In other parts of § 5/12-1001, the General Assembly made certain interests in property fully exempt, such as a debtor's right to receive social security benefits, unemployment compensation, and public assistance benefits, among others. 735 ILCS 5/12-1001(g)(1). Without similar express language in § 5/12-1001(e), the Court cannot interpret the statute to provide for exemptions in the van and bicycle in their entirety. Accordingly, consistent with the statutory scheme, the Court holds that only those portions of the equipment installed on the van and bicycle to allow Scott to use and operate them are exempt.

The case law is clear that Illinois debtors can generally "stack," or aggregate, their available exemptions. *Barker*, 768 F.2d at 196. Therefore, although Scott may "stack" the fair value of the exempt special equipment on the van with the $1,200.00 equity exemption, he may not properly claim the entire van exempt by virtue of the special equipment installed therein. Rather, the Court concludes that only those accessories and parts installed in the vehicles to allow them to be used by Scott in light of his condition are properly claimed exempt.

As to the actual dollar figures in this matter, the Court finds, based upon the used vehicle appraisal submitted by Midwest, that the special adaptations made to the van total $17,846.00. Supplemental Response to Objection, Ex. D. Accordingly, that portion of the van is properly claimed exempt as a professionally prescribed health aid. With respect to the bicycle, however, based on the limited record, the Court cannot make a finding as to the value of the exempt portion thereof because no evidence was introduced to show the cost of the special adaptations made to the bicycle.

-15-

## IV. CONCLUSION

For the foregoing reasons, the Court sustains, in part, the Trustee's objection to the Debtors' claims of exemption in the van and bicycle. The Court holds that only those adaptations made to the bicycle and van in order to meet Scott's special needs are exempt as professionally prescribed health aids. The Court finds that the special adaptations made to the van total $17,846.00, and that portion of the van is properly claimed exempt as a professionally prescribed health aid. With respect to the bicycle, however, based on the limited record, the Court cannot make a finding as to the value of the exempt portion thereof because no evidence was introduced to show the cost of the special adaptations made to the bicycle. Therefore, the Court reserves ruling on the issue of the value of the exempt portion of the bicycle.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

**ENTERED:**

DATE: 8/30/5

_____
John H. Squires
**United States Bankruptcy Judge**

cc: See attached Service List

## SERVICE LIST

### Scott R. and Julia Hellen
### Bankruptcy No. 04 B 47322

Kent A. Gaertner, Esq.
Springer, Brown, Covey, Gaertner &
Davis LLC
402 S. County Farm Road, Suite 330
Wheaton, IL 60187

Scott & Julia Hellen
721 E. Indiana Street
Wheaton, IL 60187

David E. Grochocinski, Esq.
Grochocinski, Grochocinski & Lloyd, Ltd.
800 Ravinia Place
Orland Park, IL 60462

David P. Lloyd, Esq.
Grochocinski, Grochocinski & Lloyd, Ltd.
800 Ravinia Place
Orland Park, IL 60462

Ira Bodenstein
United States Trustee
227 West Monroe Street, Suite 3350
Chicago, IL 60606